Dissenting Opinion.
Breaux, J.
The purchaser, as required by Act 82 of 1884, assumed the taxes for 1880 and subsequent years.
He paid the taxes for which the property was sold and acquired an absolute right to the property.
The taxes assumed were not paid owing to some difference between the purchaser and the State tax collector regarding certain costs and charges.
The defendants (the purchasers at tax sale), were never placed in default, and the law fixed no time within which these taxes were to be paid.
The regularity of the adjudication to the State for the taxes is not questioned; legal advertisement was made and due notice given.
This being the case, the failure to pay the taxes assumed is not cause of itself of nullity of the tax title under which defendants hold possession.
The former owner had been by the proceedings regular in all respects divested of all interest in or title to the property.
He was no longer concerned about the payment of taxes assumed. *1135 It was a matter in which the State alone had an interest, and only to the extent of the payment of the taxes assumed.
Nevertheless, the former owner, who is now a third person, instituted this action to recover property he no longer owns. The action was not instituted to recover any, right of his own for he could have none, the time to redeem having long since elapsed; but to be decreed the owner because he had not paid the State taxes assumed in accordance with the terms of the act under which he bought.
In the Martinez case, 42 An. 777, it was decided that payment must be paid to the State for the taxes assumed. The question came up directly as to whether the purchaser should pay. It was not decided that the delay in matter of these taxes assumed had the effect of annulling a regular tax deed.
The State, through its collecting officers, had a right to recover her taxes, and to that right the court gave full recognition, not by applying the remedy never contemplated by law of absolute nullity to inure to the benefit of one no longer having any interest, but by ordering the sale of property for the payment of the taxes assumed.
Long after the time to redeem had elapsed, and therefore without any authority whatever, a certificate of redemption was issued to the defendants.
This redemption created no right and gave no title. No possible right to redeem exists after the lapse of the time fixed by statute. The auditor is absolutely without authority to issue a redemption certificate after one year.